

**U.S. Department of Justice**

United States Attorney's Office
District of New Jersey
*Civil Division*

---

ROBERT FRAZER
UNITED STATES ATTORNEY

*970 Broad Street, Suite 700*
*Newark, NJ 07102*
*Alicia.gonzalez@usdoj.gov*

main:  (973) 645-2700
direct: (973) 645-2862
fax:    (973) 297-2010

*Alicia Gonzalez*
*Special Assistant United States Attorney*

August 13, 2026

# GRANTED

**SO ORDERED.**

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**
**Dated: August 14, 2026**

**<u>Via ECF</u>**
Honorable Jamel K. Semper, U.S.D.J.
U.S. District Court for the District of New Jersey
Frank Lautenberg Post Office & U.S. Courthouse
2 Federal Square
Newark, New Jersey 07102

Re:   ***Rodriguez Ortega v. Blanche,*** **No. 26-8858 (JKS)**
**Extension Request and Lost Property Update**

Dear Judge Semper:

This Office represents Respondents in the above-referenced habeas matter. We respectfully write in response to the Court's August 6, 2026, Text Order, ECF No. 8, directing Respondents, *inter alia*, to "file a status letter advising the Court of the results of their inquiry, whether Petitioner's driver's license has been located, and, if so, whether it has been returned to Petitioner. If the driver's license cannot be located, Respondents shall explain the efforts undertaken to locate it and its current status, if known" by August 13, 2026. For the reasons described below, we respectfully request an extension of time, until August 19, 2026, to respond to the Court's Order.

Although Respondents respectfully submit that Petitioner's claims regarding his lost property are not cognizable in this forum because they fall outside the narrow scope of habeas jurisdiction,[1] U.S. Immigration and Customs Enforcement ("ICE")

---

[1]    28 U.S.C. § 2241 grants federal courts jurisdiction over allegations that a petitioner (including an immigration detainee) "is in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3); *see also Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention."). Relief other than "simple release" is not available in a habeas action. *DHS v. Thuraissigiam*, 591 U.S. 103, 117, 119 (2020). Put differently, federal habeas relief is generally limited to an alleged deprivation of rights that "necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). And district courts have found that property claims are not cognizable as federal habeas claims. *See e.g., Washington v. Bonds*, 17-3439 (RMB), 2019 WL 3431595, at *4, *6 (D.N.J. July 29, 2019); *Trent v. Attorney Gen.*, 24-1753, 2025 WL 3274363, at *2 (W.D. Pa. Jan. 31, 2025), *report and recommendation adopted*, 2025

reports that officers searched the Delaney Hall Detention Facility and consulted with facility staff but were unable to locate Petitioner's driver's license.[2] However, ICE informed this Office that the Petitioner's T file[3] was delivered to the National Records Center[4] in Lee's Summit, Missouri today, August 13, 2026, but has not yet been received into inventory. As a result, ICE represents that it is currently unable to confirm with personnel at the National Records Center whether Petitioner's driver's license is in the file. Accordingly, Respondents respectfully request an extension of time to coordinate with staff at the National Records Center to determine whether the Petitioner's driver's license is in the T file.

We thank the Court for its continued attention to this matter.

Respectfully submitted,

ROBERT FRAZER
United States Attorney

By:  */s/ Alicia Gonzalez*
ALICIA GONZALEZ
Special Assistant U.S. Attorney
*Attorneys for Respondents*

cc:    Counsel of record (by ECF)

---

WL 3269419 (W.D. Pa. Nov. 24, 2025); *Large v. Coleman*, No. 08-1561, 2009 WL 222964, at *3 (W.D. Pa. Jan. 29, 2009); *Mitchell v. Marsh*, No. 19-209, 2021 WL 2637334, at *6-7 (M.D. Pa. June 25, 2021); *Nance v. Heley,* 2012 WL 2953740, at *2 (E.D.N.Y July 19, 2012); *Large v. Coleman*, 2009 WL 222964, at *3 (W.D. Pa. Jan. 29, 2009) (denial of motion for return of seized property is not a matter a federal habeas court is authorized to review).

[2]    If the Court orders Respondents to file a declaration detailing the efforts undertaken to locate Petitioner's license, Respondents will do so as soon as possible.

[3]    A T file is a temporary or secondary physical file created when the permanent A file is not immediately available.

[4]    The National Records Center is a recordkeeping facility maintained by U.S. Citizenship and Immigration Services (USCIS). https://egov.uscis.gov/office-locator/nrc (last visited Aug. 13, 2026).